### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 02-CR-30116-MJR |
| ) | |
| **MICHAEL D. BONTY,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

In May 2003, after a seven-day trial, a jury convicted Michael Bonty of (inter alia) interstate transportation of a minor with the intent to commit aggravated sexual assault. After denying Bonty's post-trial motions via a detailed 28-page Order, the undersigned Judge sentenced Bonty on August 18, 2003. Judgment was entered, and Bonty appealed. The United States Court of Appeals for the Seventh Circuit affirmed the conviction in September 2004.

In August 2005, the undersigned District Judge received a letter from Bonty asking for an "application for a 2255." This Court provided forms for Bonty to use if he was attempting to file a petition challenging his sentence under 28 U.S.C. § 2255.

In November 2005, Bonty filed a § 2255 petition (docketed as a separate civil case, No. 05-cv-0797). Ultimately, in July 2006, the undersigned Judge denied Bonty's § 2255 petition, in a 17-page Order at Doc. 7 in Case No. 05-cv-0797. Judgment was entered in that proceeding on July 26, 2006. Bonty appealed unsuccessfully. In May 2007, the Seventh Circuit issued its mandate, attaching thereto a copy of their March 2007 Order denying Bonty's request for issuance of a certificate of appealability (*see* Doc. 30 in Case No. 05-cv-0797).

On June 14, 2007, in the above-captioned closed criminal case, Bonty filed a 33-page motion with approximately 100 pages of attachments (Doc. 198).  Captioned as a "Petition for Writ of Prohibition Pursuant to 28 U.S.C. § 1651(A)," the motion asks this Court to prohibit *enforcement* of the underlying judgment in this criminal case by vacating the conviction and discharging Bonty from custody.  The primary basis for this request is Bonty's argument that the undersigned District Judge lacked subject matter jurisdiction to hear the criminal case and sentence Bonty.

Bonty's motion must be denied.  Despite its label, the motion challenges Bonty's sentence and conviction in this criminal case.  28 U.S.C. § 2255, which governs attacks premised on the theory that the Court "was without jurisdiction to impose such sentence," contains both a one-year statute of limitations for commencing such an attack and a prohibition against filing any second or successive collateral attack unless the petitioner first obtains appropriate certification from a panel of the Court of Appeals.   Bonty's June 2007 motion constitutes a second or successive § 2255 petition, which Bonty did not first obtain the necessary certification to file.

The law of this Circuit clearly delineates what must be done in this situation.  When faced with a pleading which fit within the parameters of § 2255 (though it was not labeled as such), the Court explained:

> Melton's application first comfortably within that coverage.  It therefore was a motion under § 2255, notwithstanding its caption, and the district court was obliged to dismiss it for want of jurisdiction because Melton had not received this court's permission to commence a second or successive collateral attack.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). *Accord United States v. Carraway*, **478 F.3d 845, 847 (7th Cir. 2007)(faced with a second or successive request for § 2255 relief for which the movant had not obtained appellate court permission, district court had "no option other than to dismiss ... motion.").**

Accordingly, this Court must **DISMISS for lack of jurisdiction** Bonty's June 14, 2007 motion for writ of prohibition (Doc. 198), which actually is a second or successive § 2255 petition.

**IT IS SO ORDERED.**

**DATED this 13th day of July 2007.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**