**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 02-cr-30116-SMY** |
| | ) | |
| **MICHAEL D. BONTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**YANDLE, District Judge:**

Defendant Michael D. Bonty was sentenced to 660 months imprisonment in August 2003 (Docs. 165, 168). Now pending before the Court is Bonty's Motion Seeking Review Pursuant to Rule 60(b) (Doc. 294). Bonty maintains that the issues of "constructive amendment of the indictment" and his counsel's ineffectiveness have never been adjudicated on the merits and moves under Rule 60(b) for an opportunity to heard.

"Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)." *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002). While Bonty maintains that he has not been given the opportunity to challenge his conviction due to the mischaracterization of his arguments as successive habeas petitions, his argument that his conviction should be overturned is an issue reserved for collateral attack under 28 U.S.C. § 2255.

Here, Bonty seeks is an opportunity to challenge his sentence. As such, even if this Court were to construe his motion as one brought under § 2255, the motion would be denied as an unauthorized successive petition. *See United States v. Suggs,* 705 F.3d 279, 282 (7th Cir. 2013) ("Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence

following a direct appeal…. If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to … authorize the district court to hear it.").  Bonty previously filed petitions under § 2255 which received full rounds of collateral review (*see Bonty v. United States*, Case No. 05-cv-797-MJR; *Bonty v. United States*, Case No. 16-cv-704-MJR; and *Bonty v. United States*, Case No. 19-523-SPM).  He also unsuccessfully sought permission from the Seventh Circuit to file successive habeas petitions in 2017 and 2018 (*see Bonty v. United States*, Seventh Circuit Court of Appeals Dkt. Nos. 17-2413 and 18-1495).

Accordingly, Defendant's Motion Seeking Review Pursuant to Rule 60(b) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 1, 2022**

**STACI M. YANDLE**
**United States District Judge**