IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02-cr-30116-SMY |
| | ) |
| MICHAEL D. BONTY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Michael D. Bonty was sentenced on August 13, 2003 to 660 months' imprisonment for interstate transportation of a minor with the intent to engage in criminal sexual activity (Count 1), tampering with a victim (Counts 4, 5, and 6), and being a felon in possession of ammunition (Count 7) (Docs. 165, 168). He is currently housed at USP Terre-Haute, and his projected release date is February 22, 2050.

Now pending before the Court is Bonty's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 317). The Government filed a motion to dismiss invoking the affirmative defense of failure to exhaust administrative remedies (Doc. 323).[1]

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the

---

[1] The Government's motion is construed as its response in opposition to Defendant's motion. The Clerk of Court is **DIRECTED** to correct the docket accordingly.

same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*. The exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense that must be properly invoked by the Government. *See Sanford v. United States*, 986 F.3d 779, 782 (7th Cir. 2021).

Here, the BOP has not received a request from Bonty seeking a reduction in sentence, nor is there any record of a request in his administrative remedy records (Docs. 323-1 to 323-3). As such, Bonty has not met his burden to establish exhaustion. Defendant's Motion for Compassionate Relief (Doc. 317) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

DATED: February 16, 2024

**STACI M. YANDLE**
**United States District Judge**