IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02-cr-30116-SMY |
| | ) |
| MICHAEL D. BONTY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Michael D. Bonty was sentenced on August 13, 2003 to 660 months' imprisonment for interstate transportation of a minor with the intent to engage in criminal sexual activity (Count 1), tampering with a victim (Counts 4, 5, and 6), and being a felon in possession of ammunition (Count 7) (Docs. 165, 168). He is currently housed at USP Terre-Haute, and his projected release date is February 22, 2050. Now pending before the Court is Bonty's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 328), which the Government opposes (Doc. 334).

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or

together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Bonty argues that extraordinary and compelling reasons exist under § 1B1.13(b)(6) because he was sentenced to an unusually long term of imprisonment; he contends that if he were sentenced today, based on changes in the law between 2003 and 2004, he would only face a maximum Guideline sentence of 235 months or less. However, non-retroactive changes in sentencing laws are not grounds for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021).

*Thacker's* holding has been cited and relied upon in numerous subsequent opinions, including those cases encompassing new judicial determinations and new statutory changes. *See, e.g.*, *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction."); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022). *Brock* explained that the "reasoning underpinning our decisions in *Thacker*," "forecloses [Brock's] use of the compassionate release statute to pursue [a lower sentence] based on what he sees as the change in law" announced in caselaw. *Brock*, 39 F.4 at 464–465.

*Thacker* and its progeny make clear that § 1B1.13(b)(6) is not controlling. A post-sentencing change in the law does not constitute an extraordinary and compelling reason for release; there must be some other independent "extraordinary and compelling" reason for a sentence reduction. Here, there are none.[1]

---

[1] Given the absence of extraordinary and compelling reasons to support Bonty's request for release, the Court need not consider the 3553(a) factors. That said, the Court believes that the nature of and facts and circumstances

Accordingly, Defendant's Motion for Compassionate Release (Doc. 328) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** July 31, 2025

**STACI M. YANDLE**
**United States District Judge**

---

surrounding the crimes he committed and his conduct while incarcerated weigh heavily against his release.  Bonty was convicted of transporting and brutally raping a 13-year-old girl as well as terrorizing three teenagers.  Since being incarcerated, Bonty has been sanctioned for, among others, threatening a federal judge, refusing orders, and possession of dangerous weapons.  Thus, he continues to pose a significant danger to the public.